# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2018

Lyle W. Cayce
Clerk

No. 17-60175

JOANN SANDERS HARTZOG, Individually and as Administratrix of the Estate of Steven Wayne Hartzog, Deceased; STACY HARTZOG DAVIS, Individually and as Next Friend of Conner John Hartzog, A Minor,

Plaintiffs - Appellants

v.

J. M. HACKETT; JOHN DOES 1-5; DEVIN MULLINS; JOSH EARLS,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CV-2

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Steven Hartzog ("Hartzog") passed away after being detained in Lawrence County Jail. His estate (as represented by Joann Sanders Hartzog and Stacy Hartzog Davis, collectively, "Plaintiffs") appeals the district court's grant of summary judgment to J.M. Hackett, Devin Mullins, and Josh Earl (collectively, "the Deputies") on Plaintiffs' Fourteenth Amendment Due

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60175

Process claims and granting of qualified immunity to the Deputies.  Upon careful consideration of all attendant facts and circumstances, we affirm.

Plaintiffs' claim is based upon the Fourteenth Amendment Due Process "right to be secure in [one's] basic human needs, such as medical care and safety." *Hare v. City of Corinth,* 74 F.3d 633, 647–48 (5th Cir. 1996) (en banc). To overcome a motion for summary judgment, Plaintiffs must show that "the summary judgment evidence, viewed in a light favorable to [Plaintiffs], demonstrates that [the Deputies were] deliberately indifferent to [Hartzog's] serious medical needs." *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 755 (5th Cir. 2001).  The deliberate indifference standard is extremely high.  It requires a plaintiff to show that "1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur." *Thompson v. Upshur Cty.*, 245 F.3d 447, 458–59 (5th Cir. 2001) (citing *Hare*, 74 F.3d at 643, 649–50).

We do not condone the Deputies' conduct.  The facts presented could support a conclusion that the Deputies were negligent in their treatment of Hartzog.  Hackett, Mullins, and Earl each had an opportunity to seek medical attention for Hartzog at some point before or after he arrived at the jail.  But negligence is not the applicable standard.  The facts of this case, including that Hartzog was monitored and given the opportunity to have a doctor see him as his condition worsened, would not support a jury finding that the Deputies "subjectively intended that harm [to Hartzog] occur." *See Thompson*, 245 F.3d at 459.  Therefore, even taken in the light most favorable to the Plaintiffs, the Deputies' action, or inaction, does not rise to the very high standard required to indicate deliberate indifference. *See Whitley v. Hanna*, 726 F.3d 631, 645 (5th Cir. 2013) ("[A]lthough the decision to gather additional evidence may

2

No. 17-60175

have been imprudent . . . we cannot say [the state officers] were deliberately indifferent to [the victim's] peril.").

AFFIRMED.